UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**BEVERLY T. KINDSCHUH,**

        **Plaintiff,**

        **v.**                                            **Case No. 09-C-214**

**CITY OF FOND DU LAC,**

        **Defendant.**

---

### DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

**I. PROCEDURAL HISTORY**

On February 27, 2009, Beverly T. Kindschuh (hereinafter "Kindschuh"), proceeding pro se, filed a lawsuit against the City of Fond du Lac (hereinafter "City"), her former employer. The complaint also named individual City employees and the Kindschuh's prior attorney. Kindschuh's complaint contains four independent causes of action. First, Kindschuh pursues a federal employment discrimination claim. She alleges that the City discriminated against her on account of her medical condition/disability in violation of her civil rights. Second, Kindschuh pursues a contract claim. She alleges that when negotiating the settlement agreement the City did not tell her the truth and that therefore the settlement agreement is voidable at her option. Third, Kindschuh pursues tort claims. She alleges that the City both intentionally misrepresented and fraudulently induced her to sign the settlement agreement. She also alleges that at the time of her resignation, City employees intentionally withheld or negligently failed to provide her with certain retirement

forms/information on disability benefits that caused her financial loss. Fourth, Kindschuh raises a claim of legal malpractice against her prior attorney.

On April 17, 2009 Kindschuh filed a repetitious claim accusing attorney Curry First (hereinafter "First") of legal malpractice. (Case No. 09-C-397, Docket No. 31 at 1.) First represented Kindschuh in her 2001 federal employment discrimination lawsuit. (Docket No. 19.)

On April 21, 2009 this case was reassigned to this court (Docket No. 11.) and thereafter, all parties had consented to the jurisdiction of the magistrate judge. (Docket Nos. 13, 25, 32.)

On May 4, 2009 First filed a motion to dismiss. (Docket No. 18.) Kindschuh responded and First replied. (Docket Nos. 27, 30.) This court granted First's motion to dismiss on June 19, 2009. (Docket No. 37.)

On September 24, 2009 Kindschuh moved to amend the complaint to remove all individually named persons associated with the City. (Docket No. 38.) The court now grants Kindschuh's motion to amend. In a letter to the court dated October 6, 2009 the attorney for the defendant stated he did not object to Kindschuh's motion to amend. (Docket No. 40.) In addition, Kindschuh failed to properly serve the individually named persons associated with the City in the original claim.

On November 30, 2009, the defendant filed a motion for summary judgment. (Docket No. 45.) Kindschuh has responded and the defendant has replied. (Docket Nos. 64, 65.) The pleadings on the defendant's motion are closed and the matter is ready for resolution.

**II. FACTS**

Based upon the materials submitted, the undisputed material facts relevant to the resolution of the pending motion are as follows. Kindschuh began her employment with the City in 1989 as a bus driver. (Docket No. 50 at 54.) She later transferred to the City's parks department where she was employed full-time until she resigned in January 2002 pursuant to a settlement agreement.

(Docket Nos. 47 at 2, 50 at 66.) The City has not employed Kindschuh since her resignation. (Docket No. 50 at 61.)

Kindschuh filed the present lawsuit on February 27, 2009. (Docket No. 1.) This lawsuit concerns Kindschuh's prior employment with the City and the City's conduct regarding Kindschuh's resignation.

While employed, Kindschuh filed three state employment discrimination complaints and one federal employment discrimination lawsuit in the Eastern District of Wisconsin. (Docket Nos. 48 at 6-7, 49 at 2-3, 49 at 62-65, 50 at 47-52.)

In 1999, Kindschuh filed her first discrimination complaint with the Wisconsin Equal Rights Division (hereinafter "ERD") against the City alleging that the City was discriminating against her on account of her gender. (Docket No. 48 at 6-7.) She alleged that she had to spray pesticides and perform clerical duties while males co-workers did not, that she was given more responsibility than male co-workers (so that her supervisor could more easily criticize her), that she was held to a higher standard regarding job performance than male co-workers and that male co-workers and her supervisor created a sexually hostile working environment. (Docket No. 48 at 6-7.) The City denied all allegations. (Docket No. 48 at 12.)

In 2000, Kindschuh filed her second discrimination complaint with the ERD against the City alleging that she received a verbal reprimand and was the subject of a mandatory referral to the Employment Assistance Program on account of her gender and in retaliation for the 1999 complaint. (Docket No. 49 at 3.) The City again denied all allegations. (Docket No. 49 at 5.)

In March of 2001, Kindschuh filed her third discrimination complaint with the ERD. (Docket No. 49 at 63.) Kindschuh alleged that the City was allowing sexual harassment to continue, that she was held to a higher standard than male co-workers in disciplinary matters and that City employees were forcing her to operate unsafe equipment and to perform tasks that were beyond her medical

restrictions in retaliation for her 1999 and 2000 complaints. (Docket No. 49 at 63-65.) The City again denied all allegations. (Docket No. 50 at 1.)

In July of 2001, Kindschuh filed a federal lawsuit in the Eastern District of Wisconsin (Case No. 01-C-694) accusing the City of discrimination based on her gender, age and medical condition/disability, sexual harassment, a hostile work environment and threats of punishment/termination by her supervisor. (Docket No. 50 at 47-52.) The City filed its answer denying all allegations and affirmatively alleging that the court was without jurisdiction to consider those claims not raised in her 2001 ERD complaint. (Docket No. 50 at 53-59.)

In early January of 2002, Kindschuh and the City entered into a settlement agreement. (Docket No. 50 at 60-66.) The settlement agreement required Kindschuh to release all of her claims, dismiss all pending actions, and resign from her employment. (Docket No. 50 at 62-63.) The settlement agreement specifically identified the three ERD complaints and the pending court action. In return, the City agreed to pay Kindschuh $80,000.00 in damages and to provide health insurance benefits to Kindschuh for two years or until she obtained other employment that offered health insurance benefits. (Docket No. 50 at 61-62.) Kindschuh was represented by counsel during these settlement negotiations. (Docket No. 1.) The federal action was dismissed on January 10, 2002. (Docket No. 50 at 72-74.)

In August 2006 Kindschuh filed a state action in Dane County against the Wisconsin Retirement Board regarding retirement benefits. (Docket No. 50 at 76.) The claim was dismissed on December 1, 2006 and the motion for reconsideration was denied on December 22, 2006. (Docket No. 50 at 79.)

### III. SUMMARY JUDGMENT STANDARD

A motion for summary judgment will be granted when there are no genuine issues as to material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). As

provided under Rule 56(c), only "genuine" issues of "material" fact will defeat an otherwise "proper" motion for summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Material facts are those facts which, under the governing substantive law, might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute of such material facts is "genuine" if the evidence is such that a reasonable trier of fact could find in favor of the nonmoving party. Id.

The movant bears the burden to establish that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970); see also Celotex Corp., 477 U.S. at 323. The moving party satisfies its burden by demonstrating "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp., 477 U.S. at 325. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. Anderson, 477 U.S. at 255; Cain v. Lane, 857 F.2d 1139, 1142 (7th Cir. 1988); Spring v. Sheboygan Area School Dist., 865 F.2d 883, 886 (7th Cir. 1989). Further, "on summary judgment, a court can neither make a credibility determination nor choose between competing interests." Sarsha v. Sears, Roebuck & Co., 3 F.3d 1035, 1041 (7th Cir. 1993).

**IV. ANALYSIS**

A) THE COURT GRANTS SUMMARY JUDGMENT FOR THE DEFENDANT ON KINDSCHUH'S FEDERAL EMPLOYMENT DISCRIMINATION CLAIM.

The defendant moves for summary judgment asserting that Kindschuh's federal employment discrimination claim is barred by the doctrine of claim preclusion and the statute of limitations.

The doctrine of claim preclusion requires litigants to join in a single lawsuit all legal and remedial theories based on the same, or nearly the same, factual allegations. Highway J. Citizens Group v. U.S. Dept. of Transp., 456 F.3d 734, 740 (7th Cir. 2006). The purpose of claim preclusion is to maintain social order by ensuring the finality of judicial decisions. Car Carriers, Inc. v. Ford Motor Co., 789 F.2d 589, 593 (7th Cir. 1986). Claim preclusion requires that matters contested and

5

settled by parties be considered forever settled between the parties. Car Carriers, 789 F.2d at 594 (quoting Baldwin v. Iowa State Traveling Men's Ass'n, 283 U.S. 522, 525 (1931)).

A defendant seeking dismissal of a claim with the doctrine of claim preclusion must satisfy three requirements: (1) an identity of the parties or their privies; (2) a final judgment on the merits has previously been rendered; and (3) an identity of the causes of action. Highway J. Citizens Group, 456 F.3d at 741. The defendant contends that the present action and the 2001 federal lawsuit satisfy the three requirements. The court will address each.

The defendant has satisfied the first requirement of claim preclusion, an identity of the parties. In the 2001 lawsuit, the plaintiff was Kindschuh and the defendant was the City. (Docket No. 40 at 72.) In the present lawsuit, the remaining parties are plaintiff Kindschuh and the defendant City. (Docket No. 25.) Therefore, the parties are identical in both lawsuits and the defendant has satisfied the first requirement.

The defendant has satisfied the second requirement of claim preclusion, a final judgment on the merits has previously been rendered. For purposes of claim preclusion, the Seventh Circuit has routinely held that an order for dismissal with prejudice is a "final judgment on the merits." Brooks-Ngwenya v. Indianapolis Public Schools, 564 F.3d 804, 808 (7th Cir. 2009); see also Golden v. Barenborg, 53 F.3d 866, 871 (7th Cir. 1995).

Kindschuh signed the "Stipulation and Order for Dismissal" on December 26, 2001. (Docket No. 50 at 72.) Attorney Zierdt, on behalf of the City, signed the "Stipulation and Order for Dismissal" on January 2, 2002. (Docket No. 50 at 72.) This order stated "[i]t is hereby stipulated between… Kindschuh…, and the City…, that the [matter] may be dismissed as to any and all causes of action, claims, counterclaims and cross-claims, *with prejudice*…." (Docket No. 50 at 72.) (emphasis added). Judge William E. Callahan ordered the matter dismissed *with prejudice* on

January 10, 2002. (Docket No. 50 at 73.) (emphasis added). Therefore, a final judgment on the merits has previously been rendered and the defendant has satisfied the second requirement.

The defendant has satisfied the third requirement of claim preclusion, an identity of the causes of action. To determine whether the present cause of action is the same as, or has "identity" with, the prior cause of action, the Seventh Circuit routinely uses the "same transaction test." <u>Car Carriers</u>, 789 F.2d at 593; see also <u>Alexander v. Chicago Park District</u>, 773 F.2d 850, 854 (7th Cir. 1985); <u>Wakeen v. Hoffman House, Inc.</u>, 724 F.2d 1238, 1241 (7th Cir. 1981); <u>Harper Plastics, Inc. v. Amoco Chemicals Corp.</u>, 657 F.2d 939, 944 (7th Cir. 1981).

Under the "same transaction test", a "transaction" is a "single core of operative facts which give rise to a remedy." <u>Car Carriers</u>, 789 F.2d at 593. To determine whether the "transaction" is the same in both claims the court looks to "whether [both] claims turn on the same facts." <u>Andersen v. Chrysler Corp.</u>, 99 F.3d 846, 852 (7th Cir. 1996). If the facts that the plaintiff must prove in both claims are substantially similar, the two claims "turn on the same facts" and are one for purposes of claim preclusion. <u>Id.</u> To ensure fairness to litigants, the court examines the facts at a sufficient level of specificity. <u>Id</u> at 852-853, 854.

The "same transaction test" yields the conclusion that the present lawsuit and the 2001 lawsuit arise from the same "transaction." Kindschuh is complaining of the same wrongful acts by the City as she did in the 2001 lawsuit.

In the 2001 lawsuit, Kindschuh alleged that the City was discriminating against her on account of her gender, age and medical condition/disability. (Docket No. 50 at 49-50.) Focusing on her medical condition/disability allegation, in 2001 Kindschuh wrote in her complaint that the City was discriminating against her based on her "medical condition, ADA." (Docket No. 50 at 49.) The City directly responded to Kindschuh's allegation of discrimination based on her medical condition. In paragraph seven of the answer to the 2001 complaint the defendant stated, "[City denies that it]

7
Case 2:09-cv-00214-AEG   Filed 04/14/10   Page 7 of 16   Document 68

discriminated against plaintiff on the basis of her medical condition, or in any other respect…." (Docket No. 50 at 55.)  Furthermore, the "Settlement Agreement and Full and Final Release of Claims" states "the City denied and continues to deny that it violated the… Americans [w]ith Disabilities Act… or any other federal, state or municipal statute, regulation, order or rule relating to employment discrimination or unfair employment treatment of any kind." (Docket No. 50 at 61.)

In the present lawsuit, Kindschuh once again alleges that the City discriminated against her on account of her medical condition/disability saying "[e]mployer could not see illness civil rights violation I believe happened here." (Docket No. 1 at 3.)  The City could not have discriminated against Kindschuh in any new or different ways because she has not been employed by the City since her resignation in December 2001. (Docket No. 50 at 61.)

Both the 2001 federal employment discrimination claim and the present federal employment discrimination claim "turn on the same facts", whether the City's actions toward Kindschuh during her employment amount to discrimination based on her medical condition/disability.  The "transaction" is therefore the same in both lawsuits and Kindschuh is barred from proceeding with her federal employment discrimination claim by the doctrine of claim preclusion.

The defendant has satisfied the three requirements of claim preclusion.  Because Kindschuh's federal employment discrimination claim is barred by claim preclusion, the court need not address whether the claim is also barred by the statute of limitations.

B) THE COURT GRANTS SUMMARY JUDGMENT FOR THE DEFENDANT ON KINDCHUH'S CONTRACT CLAIM.

The defendant moves for summary judgment asserting that the statute of limitations bars Kindschuh from bringing a contract claim regarding the settlement agreement.  Kindschuh claims that she would not have signed the settlement agreement had she "been told the truth."  The settlement agreement is a contract.  Therefore, Wisconsin contract law governs.

In Wisconsin, the statute of limitations for contract matters is six years. Wis. Stat § 893.43 (1996). An action upon a contract must be commenced within six years after the cause of action accrues or the action is barred. § 893.43.

There are two conflicting public policy issues raised by statutes of limitations. On one hand, the judicial system wants to "discourage stale and fraudulent claims." Hansen v. A.H. Robins, Inc., 113 Wis. 2d 550, 558, 335 N.W. 2d 578, 582 (Wis. 1983). On the other hand, the judicial system wants to allow "meritorious claimants, who have been as diligent as possible, an opportunity to seek redress for injuries sustained." Id.

In balancing these policy issues, the Wisconsin Supreme Court decided not to apply the discovery rule to contract claims. CLL Associates Ltd. Partnership v. Arrowhead Pacific Corp., 174 Wis. 2d 604, 617, N.W. 2d 115, 120 (Wis. 1993). Therefore, under Wisconsin Statute 893.43 "a contract cause of action accrues at the moment the contract is breached, regardless of whether the injured party knew or should have known that the breach occurred." Id at 607, 116.

Since Kindschuh alleges that representations made in regard to the agreement were not true or misleading her contract cause of action accrued when the settlement agreement was signed. Kindschuh signed the agreement on December 26, 2001 and the City signed the agreement a week later on January 2, 2002. (Docket No. 50 at 66.) To be timely, Kindschuh was required to commence the present action no later than January 2, 2008. Kindschuh filed the present lawsuit over one year later on February 27, 2009. (Docket No. 1.) Therefore, Kindschuh's contract claim is barred by the statute of limitations.

The court has the discretion to toll the statute of limitations by applying the doctrine of estoppel by fraudulent concealment. If applied, the defendant is precluded from relying on the statute of limitations as a defense to a lawsuit. To toll the statute of limitations with the doctrine of estoppel by fraudulent concealment the court must find that the "defendant's conduct and

representations were so unfair and misleading as to outbalance [the] public's interest in setting limitation on [the] action." Bell v. City of Milwaukee, 514 F.Supp. 1363, 1371 (E.D. W.I., 1981).

Kindschuh has failed to allege sufficient evidence that the City made representations that were "so unfair and misleading" for the court to exercise its discretion and apply the doctrine of estoppel. Kindschuh stated that she would not have signed the agreement had she "been told the truth." (Docket No. 1 at 5.) She has never clarified or developed this statement. Kindschuh has failed to set forth with particularity the alleged misrepresentations. Vague characterizations, with little to no evidence of specific facts, will not persuade the court to deny a proper motion for summary judgment. Brooks v. University of Wisconsin Bd. of Regents, 406 F.3d 476, 481 (7th Cir. 2005). Therefore, the court will not apply the doctrine of estoppel by fraudulent concealment to toll the statute of limitations barring Kindschuh's contract claim.

C) THE COURT GRANTS SUMMARY JUDGMENT FOR THE DEFENDANT ON KINDSCHUH'S TORT CLAIMS.

The defendant moves for summary judgment asserting that Wisconsin's governmental immunity statute and statutes of limitations bar Kindschuh from bringing tort claims regarding the settlement agreement and her resignation.

Kindschuh alleges that City employees committed various torts regarding the settlement agreement and her resignation. Regarding the settlement agreement, Kindschuh alleges that City employees both intentionally misrepresented and fraudulently induced her to sign the settlement agreement. Regarding her resignation, Kindschuh alleges that City employees both intentionally withheld or negligently failed to provide her with certain retirement forms/information on disability benefits. Wisconsin tort law governs.

The Wisconsin governmental immunity statute states

"[n]o suit may be brought against any… governmental subdivision or agency thereof for the intentional torts of its officers, officials, agents or employees nor may any suit be brought against such….subdivision or

> agency…or against its officers, officials, agents or employees for acts done in the exercise of legislative [or] quasi-legislative… functions."

Wis. Stat. § 893.80(4) (2006). Pursuant to this statute, a government body is immune from suit when the act complained of is either an intentional tort or involves discretion. <u>Envirologix Corp. v. City of Waukesha</u>, 192 Wis. 2d 277, 288 531 N.W. 2d 357, 363 (Wis. Ct. App. 1995) (the terms "legislative, quasi-legislative, judicial or quasi-judicial" are synonymous with discretionary).

Before Kindschuh can proceed with her tort claims she must first overcome the City's defense of governmental immunity. <u>Umansky v. ABC Ins. Co.</u>, 2009 WI 82, 319 Wis. 2d 622, ¶ 14, 769 N.W. 2d, 1, ¶ 14 (2009). There are four exceptions to the doctrine of governmental immunity that have developed in order to balance "the need of public officers to perform their functions freely and the right of an aggrieved party to seek redress." <u>Bicknese v. Sutula</u>, 2003 WI 31, 260 Wis. 2d 713, ¶ 17, 660 N.W. 2d 289, ¶ 17 (quoting <u>Lister v. Bd. of Regents of University Wisconsin System</u>, 72 Wis. 2d 282, 300, 240 N.W. 2d 610, 621 (Wis. 1976)). "Public officer immunity does not apply to: (1) the performance of ministerial duties; (2) the performance of duties with respect to a "known danger;" (3) actions involving medical discretion; and (4) actions that are "malicious, willful, and intentional."" <u>Bicknese</u>, 260 Wis. 2d at ¶ 17, 660 N.W. 2d at ¶ 17. Of these four, only the performance of ministerial duties and actions that are "malicious, willful, and intentional" are arguably applicable.

Governmental immunity does not bar a lawsuit if a public officer negligently performs a ministerial duty. <u>Kimps v. Hill</u>, 200 Wis. 2d 1, 10, 546 N.W. 2d 151, 156 (Wis. 1996). "A public officer's duty is ministerial only when it is absolute, certain and imperative, involving merely the performance of a specific task when the law imposes, prescribes and defines the time, mode and occasion for its performance with such certainty that nothing remains for judgment or discretion." <u>Kierstyn v. Racine Unified School Dist.</u>, 228 Wis. 2d 81, 91, 596 N.W. 2d 417, 422 (Wis. 1999).

Kindschuh submitted certain provisions of the Wisconsin Retirement System (WRS) Administration Manual to the court. It appears that Kindschuh alleges specifically that the City intentionally withheld or negligently failed to provide her with the "Request for Benefit Information (ET-7301)" as she circled provisions pertaining to this document. (Docket Nos. 43 at 42 and 44.) Chapter two, titled "Employer Responsibilities", states that each WRS participating employer must designate an agent to act on behalf of WRS and that this agent, in advising employees, is responsible for providing a "Request for Benefit Information (ET-7301)" to an employee who terminates employment or plans to retire. (Docket No. 43 at 56-57.) Chapter seventeen, titled "Benefits", states, under the heading "Advising Employees or Survivors", that an employee must be provided with a "Request for Benefit Information (ET-7301)" when the employee terminates employment, plans to retire, or becomes disabled. (Docket No. 43 at 43.)

The defendant argues that City employees' responsibilities regarding the "Request for Benefit Information (ET-7301)" were advisory. The defendant continues that because giving advice is a discretionary action, the City employees' actions are cloaked with governmental immunity. The defendant relies on <u>Kierstyn v. Racine Unified School Dist.</u>, where the Wisconsin Supreme Court held that incorrect advice given by a benefit specialist was discretionary and cloaked with immunity, and <u>Scott v. Savers Property Casualty Ins. Co.</u>, where the Wisconsin Supreme Court held that a high school guidance counselor's incorrect advice on NCAA complaint courses was discretionary and cloaked with immunity. <u>Kierstyn</u>, 228 Wis. 2d 81; <u>Scott v. Savers Property Casualty Ins. Co.</u>, 2003 WI 60, 262 Wis. 2d, 663 N.W. 2d 715.

Although it is true that the provisions of the WRS Administration Manual reference advising employees, it is not clear that any advisory action is actually involved in the distribution of the "Request for Benefit Information (ET-7301)." Instead, the provisions simply require the City employee, at some time, to provide an employee who terminates employment or plans to

12

retire with the "Request for Benefit Information (ET-7301)." The provisions referenced do not give the City employee the discretion to not provide an employee with the "Request for Benefit Information (ET-7301)." At this early juncture and based on the facts presented, the court cannot conclude that the City has demonstrated with clarity and without controversy that the provisions of the WRS Administration Manual did not impose a ministerial duty on City employees to provide a "Request for Benefit information (ET-7301)" to Kindschuh at the time of her resignation. Therefore, summary judgment based on governmental immunity will not be granted in favor of the defendant on Kindschuh's allegations that City employees both intentionally withheld or negligently failed to provide her with certain retirement forms/information on disability benefits.

The court also recognizes that governmental immunity does not bar a lawsuit if a public officer acts "maliciously, willfully and intentionally" within the scope of his/her employment and injures another. Bicknese, 260 Wis. 2d at 297, 660 N.W. 2d at 728. "Malicious, willful and intentional" must be read in the conjunctive. Id. For the exception to apply, the employee must have acted maliciously with the intent to injure. Id.

In her opposition document entitled "Motion in Response to Motion for Summary Judgment", Kindschuh states that it was malice for City employees to withhold information regarding her resignation. (Docket No. 64 at 3.) This statement is conclusory and is not factually supported. According to the Seventh Circuit "conclusory allegations are not sufficient to raise genuine issues of material fact." Hall v. Printing Graphic Arts Union, Local No. 3, 696 F.2d 494, 500 (7th Cir. 1982). Therefore, the "malicious, willful and intentional" exception will not preclude the court from granting the City's motion for summary judgment on Kindschuh's tort claims.

Although the defense of governmental immunity does not cover all of Kindschuh's tort claims, as will be now discussed, these claims cannot survive the applicable statutes of limitations.

With respect to tort actions, Wisconsin has adopted the discovery rule. Pursuant to the discovery rule, "tort claims accrue and the statute of limitations begins to run on the date that the injured party discovers, or with reasonable diligence should have discovered, the tortious injury, whichever occurs first." CLL Associates LTD Partnership, 147 Wis. 2d at 609, 497 N.W. 2d at 117. In this case, applicable statutes of limitations are two years for intentional torts, six years for negligence affecting plaintiff's rights and six years for fraudulent misrepresentation. Wis. Stat. § 893.57 (2006); Wis. Stat. § 893.53 (2006); Wis. Stat § 893.93 (2006).

The defendant has alleged that all applicable statutes of limitations have run and Kindschuh is thereby barred from bringing a tort claim. The defendant states that Kindschuh must have brought an action based on intentional misrepresentation by December 2003 and brought an action based on negligence by December 2007. (Docket No. 46 at 10.) The defendant labels fraudulent misrepresentation an intentional tort and while the court believes fraudulent misrepresentation has a six-year statute of limitations according to Wisconsin Statute 893.91(1)(b), the defendant nonetheless has alleged that the statute of limitations on Kindschuh's fraudulent misrepresentation claim has run. The defendant is commencing the statute of limitations in December 2001, the month that Kindschuh signed the settlement agreement and thereby resigned from her employment.

Kindschuh presented no evidence of the dates she discovered the alleged tortious injuries nor has she disputed the defendant's allegations that the statutes of limitations have run.
Federal Rule of Civil Procedure 56(e) states "[w]hen a motion for summary judgment is made and supported…, an adverse party… must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Fed. R. Civ. P. 56(e). Summary judgment is appropriate on Kindschuh's tort claims because

14

she has presented no factual basis to support the conclusion that she became aware of the alleged torts on dates that comply with the statutes of limitations.

As was discussed earlier in this opinion, the court has the discretion to toll the statutes of limitations by applying the doctrine of estoppel by fraudulent concealment. Bell, 514 F Supp 1363 (E.D. WI 1981). Again, the court will not apply the doctrine of estoppel by fraudulent concealment because Kindschuh has not made allegations of "unfair and misleading" behavior other than vague characterizations supported by little to no evidence. Brooks, 406 F. 3d 476, 481 (7th Cir. 2005).

## V. CONCLUSION

The court grants summary judgment for the defendant on Kindschuh's federal employment discrimination claim because the defendant has satisfied the requirements of the doctrine of claim preclusion. The parties in the 2001 lawsuit and the present lawsuit are the same, the 2001 lawsuit terminated with a final judgment on the merits and the "same transaction test" yields the conclusion that there is identity of the causes of action. Kindschuh is therefore barred by the doctrine of claim preclusion from suing the City once again for discrimination based on her medical condition during her employment.

The court grants summary judgment for the defendant on Kindschuh's contract claim because the claim is barred by the statute of limitations. To be timely, Kindschuh must have filed a claim on the contract no later than January 2, 2008. She filed this claim on February 27, 2009.

The court grants summary judgment for the defendant on all Kindschuh's tort claims pursuant to applicable statutes of limitations. Kindschuh did not provide any evidence to the court that she remained unaware of the alleged torts until dates that would avoid bar by the statute of limitations. Further, Kindschuh has not alleged sufficient evidence to the court for the court to consider tolling the statute with the doctrine of estoppel by fraudulent concealment.

**IT IS THEREFORE ORDERED** that the defendant's motion for summary judgment, (Docket No. 45) is **granted**. The clerk shall enter judgment dismissing the complaint and this action without costs to either party.

Dated at Milwaukee, Wisconsin this <u>14th</u> day of April, 2010.

<u>s/AARON E. GOODSTEIN</u>
U.S. Magistrate Judge